# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2020

Lyle W. Cayce
Clerk

No. 19-11348
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DESMOND HOWARD GREER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-30-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Desmond Howard Greer appeals his 120-month, within-guidelines sentence for being a convicted felon in possession of a firearm. Greer contends that the district court's application of the enhanced base offense level under U.S.S.G. § 2K2.1(a)(1) was erroneous because his Texas convictions for assault family violence impeding breath or circulation and assault family violence with prior convictions do not qualify as crimes of violence, given that the statute of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction criminalizes reckless conduct and therefore lacks force as an element.  The Government moves for summary affirmance, arguing that Greer's argument is foreclosed.

In his brief, Greer correctly concedes that his argument is foreclosed, and he raises it only to preserve the issue for future review.  *See United States v. Reyes-Contreras*, 910 F.3d 169, 173-74, 183 (5th Cir. 2018) (en banc) (holding that the term "use of physical force" does not require the use of force to be intentional and thus applies to reckless conduct); *United States v. Howell*, 838 F.3d 489, 490-92, 501-03 (5th Cir. 2016) (holding that the Texas offense of assault family violence by impeding breathing or circulation qualifies as a crime of violence under § 2K2.1).  The Government is "clearly right as a matter of law" such that "there can be no substantial question as to the outcome of the case."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.